UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 07-377-HRW

ROBERTA ROSE,                                    PLAINTIFF,

v.              MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge

a final decision of the Defendant denying Plaintiff's application for disability

insurance benefits. The Court having reviewed the record in this case and the

dispositive motions filed by the parties, and being otherwise sufficiently advised,

for the reasons set forth herein, finds that the decision of the Administrative Law

Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on

April 18, 2005, alleging disability due to ankle, knee and back pain and depression

(Tr. 340-3341).

This application was denied initially and on reconsideration.

On January 11, 2007, an administrative hearing was conducted by

Administrative Law Judge James Alderisio (hereinafter "ALJ"), wherein Plaintiff appeared and testified.  At the hearing, James Miller, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 6, 2007, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 16-25).

Plaintiff was 46 years old at the time of the hearing decision (Tr. 70). She has a GED as well as an Associate Degree in child development (Tr. 70).[1] Her past relevant work experience consists of work as a day care operator and quality control assistant (Tr. 86).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 19, 2005, the alleged onset date of disability (Tr. 18).

The ALJ then determined, at Step 2, that Plaintiff suffered from depression, shoulder and ankle problems status post two shoulder surgeries including rotator cuff repair and right impingement syndrome, which he found to be "severe" within the meaning of the Regulations (Tr. 18).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 23) but determined that she has the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> [Plaintiff] is restricted from climbing ladders, ropes,
> scaffolds, ramps or stairs, with no stooping, bending,
> crouching, or crawling, and no walking on uneven

---

[1]     It has, however, expired and Plaintiff has not sought to renew it (Tr. 334),

3

> terrain. She is limited to simple one-two step
> instructions jobs, low stress jobs, without overhead
> reaching, no pushing or pulling with the right upper arm,
> when permitted the option to sit or stand every 45
> minutes at her will.

(Tr. 19).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 24).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 24, 2007 (Tr. 6-10).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 10] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account

4

whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff does not challenge the ALJ's findings.  Rather, Plaintiff contends that, based upon the RFC as formulated by the ALJ, she is precluded from sedentary work.  Specifically, Plaintiff maintains that the definition of sedentary work does not include a sit/stand option or the lack of manual dexterity in one arm.

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles such as files, ledgers or small tools. 20 C.F.R. § 404.1567(a).  Sedentary work limits walking and standing to no more

5

than two hours in an eight hour day and sitting would total about six hours in an eight hour workday.  Social Security Ruling 96-9p.

Plaintiff first argues that the sit/stand option in the RFC precludes sedentary work.  In support of her argument, Plaintiff cites *Wages v. Secretary of Health and Human Services*, 755 F.2d 495, 497-499 (6th Cir. 1985) for the proposition that a claimant cannot perform sedentary work if she must alternate between sitting and standing.

However, Plaintff misunderstands the holding in *Wages*.  In *Wages*, the ALJ found that the claimant required a sit/stand option and ultimately concluded that the claimant could perform sedentary work.  In doing so, the ALJ in *Wages* relied exclusively upon the Medical Vocational Guidelines, a.k.a. "the grid," rather than obtaining the testimony of a vocational expert.  *Id.* at 496.  On appeal, the claimant argued that the ALJ's reliance upon the grid was error.  The Sixth Circuit reversed and remanded the case.  The Court reasoned that "in cases of unusual ability to sit or stand, a vocational expert should be consulted to clarify the implications for the occupational base." *Id.* at 499.  Thus, rather than concluding that a sit/stand option is tantamount to disability, as implied by Plaintiff, the Court determined that in such situations, conclusory consultation of the grid is not appropriate.  Vocational testimony should be obtained.

6

Three years after *Wages*, the Sixth Circuit further explained that "a claimant is not disabled simply based upon a need to alternate between sitting, standing and walking, if a vocational expert can identify" jobs in the national economy which the claimant can perform. *Bradley v. Secretary of Health and Human Resources*, 862 F.2d 1224, 1227 (6th Cir. 1988).

Moreover, Social Security 96-9p, cited *supra*, specifically states that where a claimant's impairment require that  the sitting requirement of sedentary work be alternated with standing or walking periodically, and where such a need cannot be accommodated by scheduled breaks and a lunch period, "it may especially useful to consult a vocational [expert]."

In this case, the ALJ adhered to the reasoning in *Wages* and *Bradley*, as well as SSR 96-9p, by obtaining vocational testimony.  The VE in this case found that the sit/stand option did not bar a range of sedentary work.  The VE went on to identify numerous jobs which would accommodate the sit/stand option (Tr. 343).

Plaintiff also contends that the lack of manual dexterity in her right arm and shoulder prohibit her from performing sedentary work.  In this regard, Plaintiff relies upon *Hunt v. Secretary of Health and Human Services*, 816 F.2d 1141 (6th Cir. 1987).

7

Plaintiff, again, misinterprets the Sixth Circuit's holding.  In *Hurt*, the Court held that an ALJ may not rely exclusively upon the Medical Vocational Guidelines where a claimant has a manipulative limitation.  *Id.* at 1143-1144.   Rather, the ALJ should obtain vocational testimony.  Notably, in *Hurt*, the Sixth Circuit explicitly stated that its ruling "does not mean that" the claimant is unable to perform sedentary work.  *Id.* at 1143.

In this case, the ALJ included limitations relative to Plaintiff's right arm and shoulder in the RFC.  Based upon this RFC, the VE identified jobs which Plaintiff could perform, thus establishing that Plaintiff is not disabled.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 24 day of June, 2008.

_____

Henry R. Wilhoit, Jr. Senior Judge